Alexander G. White

*v.*

Sarah M. Cadmus et al.

[Decided February 5th, 1915.]

Where a deed is given for the sale of lands under the Martin act, the purchaser may file a bill to quiet title under the act of 1870, where his deed is attacked by defendants who refuse to proceed at law; and the defences of failure to give notice to redeem, failure to obtain an order from the circuit court for the delivery of the deed, where there are infant defendants, are attempts to attack a deed collaterally and cannot be considered, the defendants' proper remedy being by writ of *certiorari* in the supreme court.

On bill to quiet title. On final hearing on pleadings and proof.

*Mr. James Benny,* for the complainant.

*Messrs. Roberson & Demarest,* for the defendants.

Lewis, V. C.

This is a bill to quiet title under the statute. The complainant has established the jurisdictional facts necessary, peaceable possession, &c., and the defendants set up certain claims which, if proved, would be perfectly good defences if this court had

jurisdiction to consider them. The bill sets forth that the premises in question are part of a large tract of land, of which one Jasper Cadmus died seized, and who, by his will, devised the land to one Jasper A. Cadmus and his issue, with remainder over on failure of issue. Six lots of land, comprising a part of the premises in question, were sold by the collector of revenue of Bayonne on August 10th, 1894. At that time the persons interested were: Jasper A. Cadmus, Sarah M. Cadmus, his wife; Mary J. Dowe, wife of Elijah F. Dowe; Julia E. Wiggins, wife of Milton G. Wiggins; Agnes E. Morgan, wife of James E. Morgan; Eleanor E. Cadmus; Augustine Runyon, wife of Frank H. Runyon; Wilhelmina Scull, wife of Horace Scull; Benjamin F. Cadmus; David W. Diamond, husband of Olivia Diamond, deceased; David W. Diamond, son of Olivia Diamond, deceased; and Jasper A. Diamond, son of Olivia Diamond, deceased.

The title of the complainant is derived through a sale of the lots by the city of Bayonne under the Martin act for unpaid taxes and municipal liens, and the following are the deeds by which the complainant claims title: six deeds made by the collector of revenue of Bayonne to the mayor and council of Bayonne, all dated August 2d, 1897; and the mayor and council of the city of Bayonne gave a deed to Henry J. Chase, dated September 22d, 1897.

Henry J. Chase and wife then conveyed the said lots to Richard J. Gaddis by a deed dated October 22d, 1900.

Richard J. Gaddis then gave a deed to Henry J. Chase and wife, dated October 22d, 1900.

Henry J. Chase and wife then conveyed to Alexander G. White, the complainant in this cause, by a deed dated September 15th, 1911.

The defendants contend that the deed is an absolute nullity on these several grounds:

*First.* That there are no proofs of the publication of the advertisement to sell the lots by the collector of revenue of the city of Bayonne.

*Second.* That two of the owners of the lots at the date of the sale and of the proceedings to perfect the title by the city were

infants, and that no guardian was appointed for them, nor was there any order made by the circuit court of Hudson county directing that a deed be delivered for the lands.

*Third.* Failure to give notice to redeem.

In *Bogert* v. *City of Elizabeth, 25 N. J: Eq. 426*, it was held that the charter of the city of Elizabeth was unconstitutional, and that a deed given under it must be a nullity. That case would seem to favor the defendants; but the case of *Jersey City* v. *Lembeck, 31 N. J. Eq. 255*, decided several years later, and which has never been questioned in this state, will be my authority for deciding to advise a decree in favor of the complainant. The complainant had no other remedy than to file a bill in this court. He could not take out a writ of *certiorari,* and the defendants would not. According to the defendants' allegations, if proved, the proceedings prior to the giving of the deed were, to say the least, extremely irregular. But the defendants are forbidden, by the fifteenth section of the Sales of Land act (*Gen. Stat. p. 2982*), from attacking a deed collaterally; and the Martin act, in its four hundred and seventeenth section reiterates, in effect, the same provision. *Gen. Stat. p. 3373.* The defendants have had a great many years in which to test the regularity of the deed, and they have totally neglected to do so. The case of *Jersey City* v. *Lembeck* indicates the true construction of the act of 1870. The court holds in that case that "it (the act of 1870) was not meant to be operative when the party in possession of lands has the means, by an ordinary proceeding at law, of testing the adverse claim that he wishes to have settled, unless, in such a state of facts as was presented in the case of *Bogert* v. *City of Elizabeth, 27 N. J. Eq. 568*, in which the pretended lien was an absolute nullity, in consequence of the law itself under which it had been taken being unconstitutional, so that the proceeding, being *ultra vires,* it could be fairly said that the keeping on foot of such a mere pretence was, *per se,* unconscionable. And, even with respect to this case, it should be borne in mind that the assessment had fully run its course, and had exhausted itself in a sale of the lands, and that such sale was, and for all time must have, continued to be a mere nullity, to which even legislation could not impart life. The decision ad-

judged that such a state of things was a case within the statute; it went no further. But my exposition will exclude the class of cases embracing the one now under review, because the purpose of the act was to relieve, not persons who had the power to test the hostile claim by a direct proceeding in the usual mode, but to aid those persons whose situation afforded them no such opportunity. The inequity that was designed to be remedied grew out of the situation of a person in the possession of land as owner, in which land another person claimed an interest which he would not enforce; and the hardship was, that the person so in possession could not force his adversary to sue and thus put the claim to the test."

Under this decision I have no doubt that the complainant had a perfect right to file his bill. I am likewise satisfied that the defendants' only remedy is in the supreme court, as their defences are a mere attempt to attack the deed collaterally.

In the case of *Walton* v. *American Baptist Publication Society, 78 N. J. Eq. 263*, appears this language: "This conclusion renders it unnecessary to consider or decide whether, under the doctrine of *Jersey City* v. *Lembeck, 31 N. J. Eq. 255*, the court of chancery has, by mere force of 'An act to quiet title,' &c., jurisdiction to determine the regularity of a deed made by public authority in the collection of taxes."

I think the complainant has established all the facts necessary to sustain his bill, and that none of the defences set up by the defendants can be considered in this court.

I shall therefore advise a decree for the complainant.