The questions raised by the exceptions to the master's report relate to the validity of a sheriff's deed under execution of a law court.
In 1921 suit was instituted on a mechanic's lien in the district court of Union City, New Jersey. The plaintiff was DeRiso Brothers. The defendants were Amoroso as builder and Herman M. Diamond, owner. A judgment in the case was entered in the district court in favor of the plaintiff and generally against the defendants, Vincent Amoroso, Jr., as builder and specially against Herman M. Diamond, owner. The judgment was recorded in the district court on January 6th, 1921. The aforesaid judgment was entered in Hudson county court pursuant to the statute. An execution based on that judgment was issued to the sheriff of Hudson county. Under the execution the sheriff levied on the premises in question and sold the land and premises at public auction. The purchaser at the sale was James M. DeRiso. On May 16th, 1921, the sheriff of Hudson county executed and delivered a deed conveying the land and premises in question to James M. DeRiso. The deed was recorded on July 15th, 1921, in the office of the register of the county of Hudson, in book 1408, page 366. James M. DeRiso and Philomena DeRiso, conveyed the land and premises to John J. McMahon, which deed was dated June 21st, 1921, and recorded June 22d 1922, in the office of the register of Hudson county in liber 1447 of deeds on page 92.
Foreclosure proceedings were instituted against the land and premises in question. The sheriff of Hudson county has deposited with the clerk of this court the sum of ten thousand thirty-nine dollars and thirty-three cents ($10,039.33) as surplus moneys arising from the sale of the mortgaged premises sold in this cause by virtue of an execution issued out of this court and directed to said sheriff; the said sale was made to pay and satisfy a mortgage given by the defendant Vincent Amoroso, Jr., to the complainant, Margaret McMahon.
A reference was had to a special master who reported that Herman Diamond was entitled to receive the aforesaid surplus *Page 365 
moneys. The contesting defendant in that proceeding was John McMahon who has now filed exceptions to the master's report alleging that the special master should have reported that the surplus moneys should be paid to the said John McMahon.
The exceptant claims that the deed to DeRiso by the sheriff of Hudson county cannot be collaterally attacked in this proceeding and that McMahon was the owner of the fee at the time of the foreclosure sale and that accordingly the clerk of this court should be directed to pay the surplus moneys to the defendant John J. McMahon.
The defendant Herman M. Diamond contends that the district court never had jurisdiction over the person or property of either Amoroso or Diamond and that no summons was issued, no service of process made, no return of process, no trial in open court, no judgment or a record thereof, and that an illegal certificate of the issuance of summons was issued.
The defendant Diamond further contends that McMahon has failed in his proof of title in that he has not placed in evidence a valid execution and a valid judgment not at variance with the deed, and that as a result thereof the claim of the exceptant to the surplus moneys should be denied and that the exceptions to the master's report should be dismissed and the report confirmed.
From the facts submitted it is apparent that what title McMahon had if any to the land and premises is question, was derived under the sheriff's deed. The sheriff's deed recites the execution which is set forth in full, his advertisement of sale, the adjournment of sale and the sale. The county clerk mentions the judgment in the writ of execution which is recited in the deed.
The fourteenth and fifteenth sections of the act entitled "Sale of Lands" (4 Comp. Stat. p. 4681) provide as follows:
"14. That the conveyance of any land or real estate sold by any sheriff or other officer, or by auditors in pursuance of a decree, judgment, execution or order of a court, heretofore or hereafter made and duly acknowledged or approved, and the record thereof, or a certified *Page 366 
copy of such record, shall be good and sufficient prima facie
evidence of the truth of the recital, in the said deed or conveyance contained. (Rev. 1877 p. 1045.)
15. That the provisions of the last preceding section shall apply to all deeds, declarations of sale and conveyances, duly acknowledged or proved heretofore or hereafter made by or by authority of any public or municipal authority, authorized or empowered by any law of the state to make and execute or to direct or procure the making and execution of any deed, declaration of sale or conveyance; and the proceedings upon which such deeds, declarations of sale and conveyances are founded shall not be subject to be questioned collaterally, but may be at any time reviewed by certiorari or other proper proceeding in the supreme or circuit courts. (Rev. 1877 p. 1045.)"
From the recitals in the fourteenth and fifteenth sections of the act entitled "Sale of Lands" (4 Comp. Stat. p. 4681), I am of the opinion that section 14 applies to all deeds affected by section 15. Section 15 relates to "deeds, declarations of sale and conveyances * * * made by or by authority of any public or municipal authority" and the prohibition therein contained against collateral attack relates to a deed given by a sheriff.
The defendant Diamond contends that section 15 of the Sale of Lands act does not apply to a deed made by a sheriff on execution and also that the provision of section 15 that deeds specified therein are conclusive and cannot be questioned collaterally does not apply to such a deed as that in question.
Such reasoning is necessarily based upon the erroneous contention that the sheriff is not a public authority. I am of the opinion that the sheriff is a public authority within the meaning of this section. Section 14 refers specifically to conveyances by "any sheriff or other officer" in pursuance of a decree, judgment, execution or order of court. The expression in section 15 is "deeds, declarations of sale and conveyances * * * by or by authority of any public or municipal authority authorized or empowered by any law of the state to make and execute or to direct or procure the making and execution of any deed, declaration of sale or conveyance." It is contended by defendant Diamond, that the use of the expression sheriff or other officer in section 14 necessarily prevents *Page 367 
it from being included within the meaning of the expression public or municipal authority as recited in section 15. But by the express provision of section 15 the provisions of section 14 are made to apply to all deeds made by or by authority of any public or municipal authority. It would seem that the word authority was used merely to give a broader meaning to the expression sheriff or other officer referred to in section 14, the more inclusive word being used so as to give a wider scope to the application of the section. The word officer refers to an individual while the word authority includes not only an officer but may include a body or group exercising powers.
The courts, in interpreting the word authority in connection with this section, have used it as being synonymous with the word officer. Doremus v. Cameron, 49 N.J. Eq. 1 (at p. 9). The court here says:
"But we have a statute, the act of April 2d 1869 (Rev.p. 1045 § 15), which, according to the established construction, not only makes the recitals in deeds by municipal officers, acting under authority of law, evidence, but also makes those deeds themselves conclusive, as to the transmission of title, until the proceedings upon which they are founded shall have been directly attacked and set aside."
Nicholas v. Older, 78 N.J. Eq. 101 (at p. 108). The court here says: "Sections 14 and 15 of the Sale of Land act (Gen.Stat. p. 2982) provide that the recitals in deeds or declarations of sale made by public officers authorized by law to make such sales, shall be taken prima facie as evidence of the truth of what is therein recited, and that `the proceedings upon which such deeds, declarations of sale, and conveyances are founded shall not be subject to be questioned collaterally but may be at any time reviewed by certiorari or other proper proceeding in the supreme court or circuit court.'"
To hold that the sheriff is not a public authority is tantamount to saying that the sheriff is not a public officer.
It is further contended on behalf of the defendant Diamond, that section 15 applies only to tax sales and has no application to deeds of a sheriff acting under execution. The *Page 368 
language of the section certainly does not limit it to tax sales but makes it applicable to all deeds executed by any public authority. Secondly, that section 15 by express provision is made applicable to the provisions of section 14 which itself expressly deals with deeds executed by sheriff under execution.
Since the sheriff's deed is governed by the provisions of section 15 it cannot be attacked collaterally and therefore the defendant Diamond cannot set up any defects by way of irregularity in the proceedings prior to the issuance of the execution. White v. Cadman, 84 N.J. Eq. 86 (at p. 88). The remedy given by section 15 for such defects is by way ofcertiorari. As a matter of fact the record discloses that Diamond had knowledge of the judgment now alleged by him to have been irregular and brought a certiorari proceeding which was never pressed to a conclusion, but was dismissed. He had a remedy of which he failed to avail himself and therefore does not stand before this court in a position as one who for the first time had discovered that an alleged fraud has been perpetrated upon him.
The present proceeding is collateral and not the direct attack which is required by the statute since it is an attempt in this court to set aside the process of another court.
I accordingly find that the sheriff's deed is conclusive and must stand as valid and that the defendant Diamond has been barred of all his rights to any of the surplus funds now in the court.
I will advise an order sustaining the exceptions to the master's report and directing that the surplus moneys be paid to the defendant John J. McMahon. *Page 369